## Ex parte WALTER WASHINGTON.

No. A-10871. Sept. 29, 1948.

(198 P. 2d 225.)

Charles E. Dierker, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. The petitioner, Walter Washington, was charged with the crime of murder in the district court of Pottawatomie county, Okla., on August 28, 1942, alleging that he did commit the crime of murder on August 31, 1931. He was subsequently tried and convicted of manslaughter in the first degree and sentenced to serve a term of 20 years in the State Penitentiary. On appeal this court modified the sentence to a term of ten years imprisonment in the State Penitentiary and affirm-

ed the judgment. Washington v. State, 80 Okla. Cr. 300, 159 P. 2d 278.

This action was instituted by the petitioner in which he seeks his release from confinement in the penitentiary on the grounds that the charge of manslaughter for which he was convicted was barred by the statute of limitations, and that therefore the court erred in submitting the issue of manslaughter in the first degree to the jury, and the court was without jurisdiction to sentence him for the crime of manslaughter which was barred by the statute of limitations.

Extensive briefs have been filed by counsel for the petitioner and also by the Attorney General.

Subsequent to the hearing before the Criminal Court of Appeals, the petitioner acting through his counsel, Charles E. Dierker, made application to the Pardon and Parole Board for clemency, and on the 9th day of September, 1948, pursuant to the recommendation of the Pardon and Parole Board, the Governor of the State of Oklahoma issued a parole which was accepted by the petitioner and he was accordingly released from confinement in the State Penitentiary.

The purpose of the writ of habeas corpus being to secure release from illegal imprisonment, it necessarily follows that where the petitioner is released from imprisonment, the question raised in the petition becomes moot.

By reason of the fact that the petitioner was granted and accepted a parole and was accordingly released from confinement in the State Penitentiary, it is ordered that his petition for the writ of habeas corpus be and the same is hereby dismissed.

BAREFOOT, P. J., and BRETT, J., concur.